**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTINA CHURCH,

              Plaintiff,

vs.

KAREEM THOMAS, *et al.*,

              Defendants.

Case No.: 2:25-cv-01474-GMN-DJA

**ORDER REGARDING MOTIONS TO DISMISS**

Pending before the Court is the Motion to Dismiss, (ECF No. 7), filed by Defendant Clark County, Nevada.[1]  Additionally, pending before the Court is a partial Motion to Dismiss, (ECF No. 8), filed by Defendant Las Vegas Metropolitan Police Department ("LVMPD"). Plaintiff Christina Church filed a Response, (ECF No. 13), to which LVMPD filed a Reply, (ECF No. 16).  Lastly, pending before the Court is the Motion to Dismiss, (ECF No. 10), filed by Defendant Clark County.  Plaintiff filed a Response, (ECF No. 12), to which Clark County filed a Reply, (ECF No. 15).

For the reasons discussed below, the Court DENIES as moot Clark County's first Motion to Dismiss, GRANTS Clark County's second Motion to Dismiss, and GRANTS LVMPD's Partial Motion to Dismiss.

## I.    <u>BACKGROUND</u>

This action arises from the alleged sexual assault of Plaintiff while she was in pretrial detention at the Clark County Detention Center ("CCDC"). (*See* First Am. Compl. ("FAC")

---

[1] Defendant Clark County's first Motion to Dismiss moves to dismiss Plaintiff's original Complaint, (ECF No. 1).  Plaintiff, however, filed a First Amended Complaint, (ECF No. 6).  "It is well-established in [the Ninth Circuit] that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citation omitted).  Consequently, motions to dismiss targeting a former complaint are deemed moot, after a subsequent complaint is filed. *Id.*  Accordingly, Clark County's Motion to Dismiss, (ECF No. 7), is DENIED as moot.

¶¶ 17–33, ECF No. 6).  Plaintiff, a transgender woman whose legal gender has been female since 2015, was arrested, and then detained at CCDC. (*Id*. ¶¶ 16–18).  Plaintiff alleges that she was housed in protective custody but was not separated from male detainees. (*Id*. ¶ 18). Plaintiff alleges that Defendants Clark County, LVMPD, and various Doe officer defendants failed to adequately protect her from sexual violence while in custody. (*Id*. ¶¶ 1–8).

According to the FAC, Plaintiff was sexually assaulted by Defendant Kareem Thomas, another detainee housed at CCDC. (*Id*. ¶¶ 20, 24–26).  Plaintiff alleges that Thomas lured her into his cell and sexually assaulted her, causing physical injury and emotional trauma. (*Id*. ¶¶ 24–26).  Plaintiff alleges that another transgender detainee was also assaulted by Thomas shortly thereafter. (*Id*. ¶ 27).  Plaintiff further alleges that Thomas had a history of violent sexual offenses and that Defendants nevertheless housed him in close proximity to Plaintiff without conducting an individualized safety assessment. (*Id*. ¶¶ 21–23).

Following the assault, Plaintiff submitted multiple requests for mental-health treatment due to emotional distress. (*Id*. ¶¶ 28–29).  Plaintiff alleges that her requests were ignored and that in the middle of the night, one week after filing a request, detention officers handcuffed and questioned her regarding the requests, further exacerbating her trauma. (*Id*. ¶ 30).

Plaintiff contends that the assault and resulting injuries were caused by systemic failures at CCDC, including the failure to conduct individualized safety assessments, inadequate protections for transgender detainees, and deficient responses to reports of sexual assault. (*Id*. ¶¶ 31–33).  Plaintiff further alleges that Defendants violated her rights under Article I, Section 8A of the Nevada Constitution by subjecting her to retaliatory conduct after she reported the assault, failing to provide reasonable protection from Thomas, and denying her access to supportive services and mental-health care. (*Id*. ¶¶ 69–73).

Based on these allegations, Plaintiff asserts seven causes of action: (1) 42 U.S.C. § 1983 Fourteenth Amendment Due Process Violation; (2) 42 U.S.C. § 1983 Fourteenth Amendment

Due Process Violation – Municipal Liability Under *Monell v. Department of Social Services*; (3) Battery; (4) Sexual Assault; (5) Nevada Constitution Article I, Section 8A – Victims' Rights Violations; (6) Intentional Infliction of Emotional Distress ("IIED"); and (7) Negligent Hiring, Training, Supervision, and Retention. (*See generally* FAC).

## II.    LEGAL STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless the apparent deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

III.    **DISCUSSION**

Clark County moves to dismiss all of Plaintiff's claims under FRCP 12(b)(6).  LVMPD moves to dismiss Plaintiff's claim for negligent hiring, training, supervision, and retention. under FRCP 12(b)(6).  The Court addresses each of Plaintiff's claims in turn.[2]

### A.  42 U.S.C. § 1983 Fourteenth Amendment Due Process Violation – Municipal Liability Under *Monell*

Clark County moves to dismiss Plaintiff's claim for municipal liability under 42 U.S.C. § 1983.  A municipality may not be held liable under § 1983 solely because it employs a tortfeasor. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).  Rather, a plaintiff must plausibly allege that a municipal policy, custom, or practice was the moving force behind the alleged constitutional violation. *Id.* at 694.  A plaintiff asserting a *Monell* claim must plead sufficient factual matter to plausibly suggest entitlement to relief and may not rely on conclusory recitations of the elements of municipal liability. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636–37 (9th Cir. 2012).

Clark County argues that it cannot be held liable for the policies, customs, and practices challenged in the FAC, because Nevada law assigns responsibility for the operation of CCDC to LVMPD rather than Clark County. (Clark County Mot. Dismiss 4:14–26, ECF No. 10).  The Court agrees.

Nevada law distinguishes between a county's obligation to provide and maintain a jail facility and the authority to operate that facility. *See Allen v. Clark Cnty. Det. Ctr.*, No. 2:10-cv-

---

[2] Defendant Kareem Thomas did not file a Motion to Dismiss the FAC, and the time to do so has passed. Accordingly, the Court does not address Plaintiff's third and fourth causes of action because they are only pled against Thomas.

00857-RLH, 2012 WL 395646, at *7 (D. Nev. Feb. 7, 2012) ("Metro, and not Clark County, is responsible for the operation of the CCDC" while "Clark County has the limited responsibility to fund the CCDC."). Nevada Revised Statute ("NRS") 211.010 requires counties to provide and maintain county jails. Nev. Rev. Stat. 211.010(1) ("[A]t least one county jail must be built or provided in each county, and maintained in good repair at the expense of the county."). By contrast, NRS 211.030 provides that the sheriff is the custodian of the jail and the prisoners therein and is responsible for the acts of jail personnel. Nev. Rev. Stat. 211.030; *see also Allen*, 2012 WL 395646, at *7. NRS 280.280 further provides that LVMPD is responsible for claims arising from acts or omissions of the sheriff and department employees. Nev. Rev. Stat. 280.280(4).

Courts in this district have repeatedly recognized that LVMPD, rather than Clark County, exercises final policymaking authority over the operation of CCDC, and have therefore dismissed Clark County at the motion to dismiss stage in § 1983 cases. *See* Allen, 2012 WL 395646, at *7; *Pullano v. No. 8170, CCDC Guard*, No. 2:10-cv-00335-KJD, 2011 WL 2680746, at *3 (D. Nev. July 8, 2011) ("The official with final policymaking authority over CCDC is the sheriff of LVMPD."); *see also Scott v. Las Vegas Metro. Police Dep't*, No. 2:10-cv-01900-ECR, 2011 WL 2295178, at *4–5 (D. Nev. June 8, 2011).

Here, Plaintiff alleges that Clark County maintained policies and customs concerning transgender detainee housing, PREA compliance, inmate safety, mental-health responses, and officer training. (FAC ¶¶ 45–53). However, the policies identified in the FAC concern inmate classification, housing decisions, correctional officer training, detainee protection, and the day-to-day operation of CCDC. As discussed above, Nevada law assigns responsibility for those operational functions to LVMPD rather than Clark County. Although Plaintiff alleges that Clark County owns the facility, approves budgets, and contracts for certain services, those allegations do not plausibly establish that Clark County exercised final policymaking authority

over the detention practices challenged in the FAC.  Moreover, while Plaintiff alleges that Clark County failed to adequately train correctional officers regarding PREA standards and the safety needs of transgender detainees, (FAC ¶¶ 51–53), the FAC does not identify a specific training deficiency, allege a pattern of similar constitutional violations sufficient to place County policymakers on notice, or plead facts demonstrating deliberate indifference. *See Connick v. Thompson*, 563 U.S. 51, 61–62 (2011); *Benavidez*, 993 F.3d at 1153–55.

Accordingly, Clark County is not a proper *Monell* defendant and Plaintiff's *Monell* claim is dismissed against Clark County with prejudice.[3]

**B.  Nevada Constitution Article 1, Section 8A – Victims' Rights Violations**

Plaintiff alleges that Clark County violated her rights under Article I, Section 8A of the Nevada Constitution by subjecting her to retaliatory conduct after she reported the alleged assault, failing to protect her from Thomas, and denying her access to supportive services and mental health care. (FAC ¶ 72).  However, as explained above, Nevada law provides that the sheriff is the custodian of the county jail and is responsible for the operation of the jail and the conduct of its employees. Nev. Rev. Stat. 211.030.  By contrast, Clark County's role is limited to funding and maintaining the jail. Nev. Rev. Stat. 211.010.  This claim pled against Clark County therefore fails as a matter of law.  Accordingly, this claim is dismissed against Clark County with prejudice.

**C.  Intentional Infliction of Emotional Distress**

Clark County moves to dismiss Plaintiff's claim for IIED.  To state a claim for IIED, a plaintiff must allege: (1) extreme and outrageous conduct; (2) intent to cause emotional distress or reckless disregard for the probability of causing emotional distress; (3) severe emotional distress; and (4) actual or proximate causation. *See Star v. Rabello*, 625 P.2d 90, 91–92 (Nev.

---

[3] To the extent that Plaintiff's 42 U.S.C. § 1983 Fourteenth Amendment Due Process Violation claim is pled against Clark County, that claim is also dismissed with prejudice for the reasons stated above.

1981).  Plaintiff's claim against Clark County for IIED is based on the allegations supporting her *Monell* claim.  Because the *Monell* claim against Clark County fails as a matter of law, so too does this claim.  Accordingly, Plaintiff's claim for IIED against Clark County is dismissed with prejudice.

### D.  Negligent Hiring, Training, Supervision, and Retention

Both Clark County and LVMPD move to dismiss Plaintiff's claim for negligent hiring, training, supervision, and retention.  Nevada courts recognize this claim, however, as two separate torts: one for negligent hiring, and another for negligent training, supervision, and retention.  "The tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996) (quoting *Burnett v. C.B.A. Sec. Serv.*, 820 P.2d 750, 752 (Nev. 1991)).  "An employer breaches this duty when it hires an employee even though the employer knew, or should have known, of that employee's dangerous propensities." *Id.*  The elements of a claim for negligent training, supervision, or retention are: "(1) a general duty on the employer to use reasonable care in the training, supervision, and retention of employees to ensure that they are fit for their positions, (2) breach, (3) injury, and (4) causation." *Lambey v. Nev. ex rel. Dep't of Health & Hum. Servs.*, 2008 WL 2704191, at *4 (D. Nev. July 3, 2008).  The Court addresses the claim as pled against each Defendant in turn.

### 1.  LVMPD

LVMPD argues that Plaintiff's claim for negligent hiring, training, supervision, and retention is barred because it is entitled to discretionary act immunity. (LVMPD Mot. Dismiss 3:8–9, ECF No. 8).  Under NRS 41.032(2), "no action may be brought . . . against . . . the State or . . . its political subdivisions based upon the exercise . . . or failure to exercise . . . a discretionary function or duty . . . ." Nev. Rev. Stat. 41.032(2).  In *Martinez v. Maruszczak*, the

Nevada Supreme Court adopted the federal *Berkovitz-Gaubert* framework for determining whether discretionary-act immunity applies. 168 P.3d 720, 728–29 (Nev. 2007). Under that test, immunity applies when the challenged conduct (1) involves an element of judgment or choice and (2) is based on considerations of social, economic, or political policy. *Id.*

Nevada and federal courts applying Nevada law have consistently recognized that decisions regarding the hiring, training, supervision, and retention of governmental employees ordinarily satisfy both requirements. In *Paulos v. FCH1, LLC*, the Nevada Supreme Court held that LVMPD's decisions regarding hiring, training, and supervision involved policy considerations and were therefore protected by discretionary act immunity. *Paulos v. FCH1, LLC*, 456 P.3d 589, 595–96 (Nev. 2020). Numerous courts in this District have reached the same conclusion. *See Gardner v. Las Vegas Metro. Police Dep't*, No. 2:16-cv-01384-GMN-CWH, 2018 WL 1091977, at *6 (D. Nev. Feb. 28, 2018) ("[T]raining and supervision are squarely within the category of conduct that is protected by discretionary immunity."); *Neal-Lomax v. Las Vegas Metro. Police Dep't*, 574 F. Supp. 2d 1170, 1192 (D. Nev. 2008), *aff'd*, 371 F. App'x 752 (9th Cir. 2010); *Bryan v. Las Vegas Metro. Police Dep't*, 349 F. App'x 132, 133 (9th Cir. 2009).

Here, Plaintiff's claim alleges that LVMPD negligently hired, trained, supervised, and retained correctional officers and failed to adequately train staff regarding PREA standards and the safety needs of transgender inmates. (FAC ¶¶ 84–87). Because the challenged conduct concerns personnel-management decisions of the type that Nevada courts have repeatedly held to be discretionary, the claim falls within the general scope of NRS 41.032(2), unless Plaintiff plausibly alleges facts establishing an exception to discretionary immunity.

Plaintiff first argues that discretionary immunity does not apply here because LVMPD allegedly violated mandatory duties imposed by PREA and its implementing regulations, including 28 C.F.R. §§ 115.31 and 115.42. (Resp. to LVMPD 2:19–27, ECF No. 13). Indeed,

discretionary act immunity does not apply where a mandatory statute, regulation, or policy eliminates the government actor's discretion, or where the challenged conduct was undertaken in bad faith. *See Kim v. United States*, 940 F.3d 484, 489–90 (9th Cir. 2019); *McElroy v. Sifre*, 776 F. Supp. 3d 907, 915–17 (D. Nev. 2025).   However, the existence of a statutory or regulatory duty does not necessarily eliminate discretion.  In *Scott v. Department of Commerce*, the Nevada Supreme Court held that discretionary immunity applied even where a statutory scheme imposed mandatory regulatory obligations because the governmental entity retained considerable discretion regarding implementation of those duties. 763 P.2d 341, 344–45 (Nev. 1988).

The allegations supporting this claim do not plausibly identify a mandatory directive governing hiring, retention, supervision, or training decisions that deprived LVMPD of all discretion.  Although 28 C.F.R. § 115.31 requires correctional institutions to provide PREA-related training, the regulation leaves substantial discretion regarding implementation, including the manner, content, and administration of such training.  Likewise, while 28 C.F.R. § 115.42 imposes requirements concerning inmate screening, housing, and placement decisions, this claim challenges personnel-management decisions rather than inmate-classification decisions.

To the extent Plaintiff relies on PREA generally to establish that LVMPD's alleged noncompliance falls outside the protection of discretionary-act immunity, courts have recognized that PREA and its implementing regulations may impose obligations while still affording correctional officials discretion regarding how those obligations are carried out. *See Gladney v. United States*, 858 F. App'x 221, 223–24 (9th Cir. 2021) (holding that neither PREA nor its implementing regulations imposed a mandatory duty eliminating discretion with respect to inmate monitoring and prison safety measures).  Accordingly, Plaintiff has not

plausibly alleged facts demonstrating that the challenged conduct falls outside NRS 41.032(2) under a mandatory-directive theory.

Second, Plaintiff argues that discretionary act immunity does not apply because Defendants acted in bad faith or with deliberate indifference. (Resp. to LVMPD 3:9–19).  It is true that discretionary act immunity may not shield conduct undertaken in bad faith. *See McElroy v. Sifre*, 776 F. Supp. 3d 907, 915–17 (D. Nev. 2025).  However, courts applying Nevada law have consistently held that conclusory allegations of bad faith are insufficient.  Rather, a plaintiff must allege facts plausibly showing conduct that falls outside the policy-based decision-making protected by NRS 41.032. *See Gardner*, 2018 WL 1091977, at *6; *Bryan*, 349 F. App'x at 133.

Unlike the allegations in *McElroy v. Sifre*, which involved specific factual allegations of favoritism, repeatedly ignored complaints, and conscious decisions not to discipline an officer, Plaintiff's claim alleges only that Defendants failed to adequately train, supervise, and retain employees. (FAC ¶¶ 84–87).  Accordingly, Plaintiff has not plausibly alleged facts sufficient to invoke the bad-faith exception to discretionary act immunity.  The Court therefore concludes that this claim, as currently pled against LVMPD, is barred by discretionary act immunity under NRS 41.032.  Thus, this claim is dismissed against LVMPD, but the Court grants Plaintiff leave to amend because it is not clear that amended would be futile.

### 2.  Clark County

Clark County also moves to dismiss Plaintiff's claim for negligent hiring, training, supervision, and retention.  Plaintiff alleges that Defendants negligently hired, trained, supervised, and retained correctional officers who failed to implement proper safety protocols and protect her from harm. (FAC ¶¶ 84–87).  Plaintiff's claim against Clark County is ultimately based on her *Monell* claim.  Because the *Monell* claim against Clark County fails as

a matter of law, this claim likewise fails.  Accordingly, Plaintiff's claim for negligent hiring, training, supervision, and retention against Clark County is dismissed with prejudice.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Clark County's First Motion to Dismiss, (ECF No. 7), is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Defendant Clark County's Motion to Dismiss, (ECF No. 10), is **GRANTED.**  Clark County is dismissed as party to this action with prejudice.

**IT IS FURTHER ORDERED** that Defendant LVMPD's partial Motion to Dismiss, (ECF No. 8), is **GRANTED.**  Plaintiff's claim for negligent hiring, training, supervision, and retention against LVMPD is dismissed, but Plaintiff is granted leave to amend this claim.

**IT IS FURTHER ORDERED** that Plaintiff shall have 21 days from the date of entry of this Order to file an amended complaint**.**

**DATED** this __18__ day of June, 2026.

_____

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT